■    WILLIAM HICKS, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39891.) — HERLIHY, J. This is an appeal by the State of New York from a judgment of the Court of Claims awarding damages to the claimant for false arrest and imprisonment. In 1940 the claimant was convicted of criminally buying and receiving stolen property. At the arraignment for sentence the District Attorney filed an information, charging the claimant with being a third felony offender, having been previously convicted of two felonies. He was represented by counsel and after pleading to the information was given a mandatory sentence. He was released on parole in 1948 and was arrested in 1960 for violation of parole and returned to prison. In 1961 a writ of habeas corpus was sustained, it being determined that in 1940 he was actually a first offender and he was accordingly resentenced. In the Court of Claims it was found that he "had been improperly actually confined in prison for some 19 months". In 1940 when the then District Attorney

filed an information pursuant to sections 1941–1943 of the Penal Law, he was a public officer acting in the performance of his official duties. If error were committed as to the nature and degree of the crimes charged in the information, the defendant had the right at the time of his arraignment to question the accuracy of the charges. He also had the right to appeal from all or any part of the judgment of conviction. The fact that the alleged felonies in the information were in reality misdemeanors does not give rise to a cause of action against the State for false imprisonment. (*Natasi* v. *State of New York*, 275 App. Div. 524, affd. 300 N. Y. 473.) To sustain the judgment awarding damages would constitute a basis for liability for which presently there is no statute or decisional law. Controlling authority is to the contrary. (*Natasi* v. *State of New York, supra*; *Ford* v. *State of New York*, 21 A D 2d 437.) *Troutman* v. *State of New York* (273 App. Div. 619) relied upon by the claimant, is not determinative. In the instant circumstances the court, at the time of the imposition of judgment, had jurisdiction of the subject matter and of the person. It is highly questionable whether certain of claimant's additional contentions are properly before us, but we have nevertheless considered all of the arguments advanced and we find them without merit. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.