William J. Sullivan, J.
On this writ of habeas corpus, relator seeks a judgment discharging him from detention in the Nassau County Jail to which he was committed by the County Court of Nassau County after indictment by the Grand Jury. It is relator’s contention that exclusive original jurisdiction of the charges made against him is vested in the Family Court under section 812 of the Family Court Act and therefore his indictment by the Grand Jury and his imprisonment by the County Court are illegal.
The indictment under which the relator is presently imprisoned consists of two counts which accuse him of the crime of sodomy in the first degree and sexual abuse in the first degree. The indictment alleges that relator on various occasions engaged in deviate sexual intercourse and forcible sexual contact with his nine-year old cousin. Eelator states that at the time of the acts charged against him, he was living at his cousin’s home; that he and the boy were members of the same household; and therefore the Family Court has exclusive original jurisdiction since the acts alleged would constitute “ disorderly conduct or an assault * * * between members of the same family or household ” within the meaning of said section 812.
Section 812 of the Family Court Act is part of article 8 of said Act, entitled ‘ ‘ Family Offenses Proceedings ”. Section 811 of article 8, entitled “ Finding and Purpose” reads as follows:
“ In the past, wives and other members of the family who suffered from disorderly conduct or assaults by other members of the family or household were compelled to bring a * criminal charge ’ to invoke the jurisdiction of a court. Their purpose, with few exceptions, was not to secure a criminal conviction and punishment, but practical help.
“ The family court is better equipped to render such help, and the purpose of this article is to create a civil proceeding for dealing with such instances of disorderly conduct and assaults.” The succeeding section 812, entitled “ Jurisdiction ”, provides: ‘ ‘ The family court has exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household.”
In construing section 812 as applicable to ‘ ‘ felonious ’ ’ as well as “ simple ” assaults, it is significant that the Court of Appeals has said (People v. Johnson, 20 N Y 2d 220, 225): “ The Family Court Act simply provides more protection to the *430 individual by removing domestic quarrels from the ambit of the criminal law ” (italics added).
On this application, therefore, relator would have this court interpret the serious and heinous acts and conduct implicit in the charges of sodomy and sexual abuse and contact with a nine-year-old child as “ domestic quarrels ”. Such a construction is repugnant and plainly untenable. Concededly, both the crimes charged against the relator involve “ assaultive ” conduct ; but the Legislature has recognized them as being so obviously more serious and grievous than the crimes of assault (Penal Law, art. 120) and disorderly conduct (Penal Law, § 240.20) as to designate each of them as a distinctive offense of a felonious nature (Penal Law, §§ 130.50, 130.65). The very nature of the acts which constitute the crimes charged against the relator negatives the theory that the Legislature intended that these be “family offenses” to be treated as “ domestic quarrels ” with exclusive original jurisdiction in the Family Court under section 812. This court is in accord with a similar construction given to section 812 by Mr. Justice Shapiro in People v. Fuentes (51 Misc 2d 354, 357). Accordingly, jurisdiction is properly in the County Court; relator’s detention is not unlawful; and the writ has not been sustained.