■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND WATTS, Appellant.— In a *coram nobis* proceeding, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, entered April 13, 1966, as, on reargument, adhered to the original determination denying the application without a hearing. Order reversed insofar as appealed from, on the law, and matter remitted to the Criminal Term for a hearing on the issue of defendant's competency to understand the proceedings and make his defense at the time he pleaded guilty to grand larceny in the second degree, which hearing shall be held before a Justice other than the one before whom defendant pleaded guilty. No questions of fact were considered. On this record, it is our opinion that a hearing was required on the above-mentioned issue; and it was error to deny the application without a hearing (see *Pate* v. *Robinson*, 383 U. S. 375; *People* v. *Boundy*, 10 N Y 2d 518; *People* v. *Sprague*, 11 N Y 2d 951; *People* v. *Gonzales*, 20 N Y 2d 289; *People* v. *Hines*, 18 A D 2d 1016). Such hearing should be held before a Justice other than the one who accepted the guilty plea and imposed the sentence (see *People* v. *Hudson*, 19 N Y 2d 137; *People* v. *Hines*, 28 A D 2d 909). Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROY DOTY, Appellant, v. ARTHUR E. KRUEGER, as Warden of the Nassau County Jail, Respondent.— In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Nassau County, entered December 18, 1968, which dismissed the writ. Judgment affirmed, without costs, on the opinion of the learned Justice at Special Term. We agree that proceedings concerning sodomy and sexual abuse, each in the first degree, committed between members of the same household, are not transferable to the Family Court pursuant to section 812 of the Family Court Act. Beldock, P. J., Christ, Hopkins, Munder and Kleinfeld, JJ., concur. [58 Misc 2d 428.]

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY WATLEY, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Appeal from a judgment of the Supreme Court, Dutchess County, dated November 25, 1968, dismissed as moot, without costs. The judgment of conviction has been reversed (*People* v. *Watley*, 32 A D 2d 791). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

■ ROCKLAND FUEL OIL CO. INC., Appellant-Respondent, v. ORANGE & ROCKLAND UTILITIES, INC., Respondent-Appellant.— In a consolidated summary proceeding to recover possession of real property and action for specific performance of a contract to sell the property, (1) plaintiff appeals from (a) an order of the Supreme Court, Rockland County, entered June 18, 1968, which granted defendant's motion to dismiss the amended complaint, and (b) a judgment of said court entered June 24, 1968 upon said order; and (2) defendant cross-appeals from said judgment insofar as it omitted to dispose of the summary proceeding and to cancel a *lis pendens*. Order and judgment reversed, on the law, with $10 costs and disbursements to plaintiff, and defendant's motion denied. There are issues of fact herein which should be determined only after trial. Hopkins, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.