Per Curiam.

Upon an indictment charging incest, assault in the second degree and impairing the morals of a minor, defend *182 ant was tried in Erie County Court. He was acquitted of incest and convicted both of assault and of impairing morals. The crimes were committed on defendant’s 11-year-old daughter. The assault as a felony depended on an intent to commit a crime—incest (former Penal Law, § 242, subd. 5).
It is not disputed that the assault charge was not presented at any time to the Family Court in Erie County but was prosecuted initially in the County Court. The question involved is whether the intent to commit incest, as a purpose of the assault and which made the assault a felony, made it unnecessary to submit the charge to the Family Court in the first instance; or whether the County Court could take jurisdiction directly without such preliminary proceeding.
The statute is explicit in saying that the Family Court “ has exclusive original jurisdiction” over “ any proceeding” concerning ‘ acts which would constitute * * * an assault * * * between parent and child” (Family Ct. Act, § 812; cf. N. Y. Const., art. VI, § 13, subd. b).
The court has held this exclusive original jurisdiction applies to aggravated and felonious assaults within a family group (People v. Johnson, 20 N Y 2d 220). It is, of course, a jurisdiction subject to transfer by the Family Court (Family Ct. Act, § 813). That the purpose of the assault may be another crime which would itself not be a subject of original jurisdiction in the Family Court, as for example manslaughter, does not change the nature of the jurisdictional problem.
If there is to be a prosecution for an assault within the enumerated family group of any degree or for any purpose, the prosecution must begin in the Family Court. (See, e.g., People v. Fowlkes, 24 N Y 2d 274.)
It is not necessary now to decide whether this jurisdictional issue affects incest, since in this case defendant was acquitted on that charge. It is a closer question whether it reaches a charge of endangering the morals of a minor, but since this offense does not itself come within the statutory definition of either assault or disorderly conduct and was essentially “ a different crime ” from either (People v. Fowlkes, supra, p. 286), the Family Court did not have exclusive original jurisdiction although, as Fowlkes holds, there may be an interdependence which could affect jurisdiction.
*183 The evidence was sufficient to sustain the conviction for assault and of impairing the morals of a minor; and the court would sustain the conviction for assault except for the jurisdictional defect.
On the criminal appeal, the judgment should be modified by reversing the conviction for assault and that charge should be transferred to the Family Court of Erie County, and otherwise affirmed. On the appeal from denial of habeas corpus, the appeal should be dismissed, without costs, as moot.
Chief Judge Fuld and Judge Bebgax (dissenting in part). We agree with the majority that the crime of assault in the second degree, charged against this defendant, should have been submitted, in the first instance, to the Family Court. We do not believe, however, that the related charge of impairing the morals of a child is an essentially “ different crime ” triable in the ordinary criminal courts. Certainly, a parent who endangers his child’s morals commits an assault upon its spirit as well as its body and the offense is unmistakably one with which the “ family court is better equipped ” to deal (Family Ct. Act, § 811).
This broader concept of the word “assault” has, in point of fact, been expressly incorporated into the most recent amendment to the Family Court Act (L. 1969, ch. 736, eff. Sept. 1, 1969) which defines that term as encompassing, among other things, “harassment” and “reckless endangerment * * * between parent and child” (Family Ct. Act, § 812). This definition, which unquestionably includes within it the crime of endangering the morals of a child, is but an expression of the policy and intent which has always been a part of the Family Court Act and which, in our opinion, deprived the County Court, in the present case, of jurisdiction to hear the charge.
Indeed, even if one could, under some circumstances, be guilty of endangering a child’s morals without having committed an assault upon it, that would not deprive the Family Court of jurisdiction in the present case. In the Fowlkes case (People v. Williams, 24 N Y 2d 274, 285) we declared that the Family Court has jurisdiction over such crimes as burglary and felonious possession of a dangerous weapon where the “ assault and non-assault charges are inextricably related by a common ele *184 ment in the offenses ” (24 N Y 2d, at p. 287). In this case, the act charged against the defendant constituted, in law and fact, an assault against a member of his immediate family, and the exclusive primary jurisdiction of the Family Court should not, and in our view may not, be defeated by simply prosecuting that act under a charge which does not contain assault as one of its essential elements.
The judgment appealed from should, be reversed, in its entirety, and the case transferred to the Family Court, Erie County, for further proceedings.
In People v. Nuernberger:
Judges Burke, Scileppi, Bbeitel and Jasen concur in Per Curiam; Chief Judge Fuld and Judge Bebgan dissent in part and vote to reverse in a separate memorandum.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed.
In People ex rel. Nuernberger v. MeKendrick:
Chief Judge Fuld and Judges Burke, Scileppi, Bebgan. Bbeitel and Jasen concur.
Appeal dismissed as moot, without costs.