Arnold L. Fein, J.
This motion for an order pursuant to sections 812 and 813 of the Family Court Act to transfer the proceedings to the Family Court is denied.
The defendant has been indicted for the crimes of sodomy in the first degree, sexual abuse in the first degree, sexual misconduct, sodomy in the second degree, and sodomy in the third degree. The victim of the alleged offenses is Victor Rodriguez, the four-year-old child by another man, of Maria Rodriguez, with whom the defendant is living.
Defendant claims that the child is his stepson and that he regards him as his son. There is neither a claim nor any evidence that he has legally adopted the boy. The moving papers further reveal that there is no recognized legal relationship between Maria Rodriguez and the defendant. In the absence of any legal relationship between defendant and the child, there is no basis for finding that there is even preliminary jurisdiction in the Family Court (People v. Allen, 27 N Y 2d 108; Family Ct. Act, § 813).
Moreover, section 813 of the Family Court Act applies only to charges involving: “ disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt [sic] assault between spouses or between parent and child or between members of the same family or household ”. Not only is there an absence of such relationship in this case (People v. Allen, supra), but the crimes charged here are not included among those enumerated in the statute. In People v. Lewis (29 N Y 2d 923) holding that the crime of incest did not come within the jurisdiction of the Family Court under sections 812 and 813, the court stated at page 924: “ Neither the original enactment of section 812 specifying disorderly conduct and assault nor its subsequent amendment to include acts which would constitute *997 harassment, menacing, reckless endangerment and attempted assault (L. 1969, ch. 736), purport to include incest, which, thus, under the familiar rule of construction, will be deemed excluded (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 240). Neither do we find that act within its intendment ”. The concurring opinion of Chief Judge Full in that case is instructive. It must be concluded that the rationale of Lewis {supra), referable to incest, is equally applicable to an indictment for sodomy, precluding Family Court jurisdiction even on a preliminary basis.