Prank X. Altimari, J.
This is an omnibus motion by the defendant for an order (1) granting an inspection of the Grand Jury minutes and (2) dismissing the indictment upon the ground that the Grand Jury lacked subject matter jurisdiction under several counts of the indictment, and that insufficient legal evidence was presented to the Grand Jury.
The Grand Jury indicted the defendant for the following crimes:
Rape in the first degree — 3 Counts
Sodomy in the first degree — 5 (founts
Sodomy in the second degree — 1 Count
Sexual abuse in the first degree — 5 Counts
Sexual abuse in the second degree — 3 Counts
Incest' — 1 Count
Endangering the welfare of a minor — 14 Counts
Obscenity in the first degree — 4 Counts
Obscentity in the second degree — 43 Counts
The acts alleged in the indictment involve the commission by the defendant of sexual acts upon his infant daughter and other girls of tender years.
*535 The defendant claims that the Grand Jury lacked jurisdiction to return an indictment for the crimes alleged in Counts 1 through 11 and Counts 26 through 35. Those counts of the indictment set forth that the alleged victim was the defendant’s daughter. He alleges that subdivision (a) of section 1013 of article 10 of the Family Court Act gives the Family Court exclusive original jurisdiction over the acts which involve abuse or neglect of a child.
The defendant herein relies upon the language of subdivision (a) of section 1013 of the Family Court Act. Subdivision (a) of section 1013 provides: “ The family court has exclusive original jurisdiction over proceedings under this article alleging the abuse or neglect of a child. ’ ’ (Emphasis added.) The defendant then argues that the term, “ exclusive original jurisdiction ”, gives the Family Court the sole power to determine the future of the proceedings. The defendant relies on People v. Johnson (20 N Y 2d 220) which interpreted section 812 of the Family Court Act which also contained the term “ exclusive original jurisdiction.”
However, one must examine the statutory language of sections 1011 through 1014 of the Family Court Act before interpreting the term, “ exclusive original jurisdiction ”. Thus,- subdivision (b) of section 1013 states: “For the protection of children, the family court has jurisdiction over proceedings under this article notwithstanding the fact that a criminal court also has or may be exercising jurisdiction over the facts alleged in the petition or complaint. ” (Emphasis added.)
Subdivision (a) of section 1014 provides that the Family Court may transfer, after a hearing, proceedings originated under article 10 to the criminal court or to the District Attorney. Furthermore, subdivision (b) of section 1014 provides that a criminal court may transfer a criminal complaint which alleges, abuse or neglect of a child to the Family Court, unless the Family Court has transferred it to the criminal court. Finally, subdivision (c) of section 1014 provides: “ Nothing in this article shall be interpreted to preclude concurrent proceedings in the family court and a criminal court.”
In People v. Johnson (20 N Y 2d 220, supra), a case which interpreted article 8 of the Family Court Act (Family Offenses), the court held that a County Court did not have jurisdiction to try an indictment alleging an assault by a husband of his wife, without first having transferred the proceeding to the Family Court for initial determination. The court concluded that the Family Court must make the initial decision as to which tribunal *536 should dispose of a family offense proceeding. The court, thus ruled that no court or other agency of government could interfere with the Family Court’s exclusive original jurisdiction under article 8 of the Family Court Act.
It should be noted that the language of the various sections ■under article 8 is couched in mandatory terms. For example, section 812 of the Family Court Act provides, “ The family court has exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or attempt assault between spouses or between parent and child or between members of the same family or household.”
Subdivision (a) of section 813 states in part: “ Any criminal complaint charging disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt assault between spouses .or between parent and child or between members of the same family or household shall be transferred by the criminal court * * * to the family court ”. (Emphasis added.) This court concludes, after reviewing., the statutory language of articles 8 and 10 of the Family Court Act, that article 8 declares that offenses arising from family conflict should, be weighed initially by the Family Court with the view of counselling and preserving the family unit. (People v. Williams, 24 N Y 2d 274.) To accomplish such purpose the State Constitution and Legislature vested the Family Court with the exclusive original jurisdiction of offenses such as assaultive or aggressive behavior by family members. It should be emphasized that offenses such as sodomy and sexual abuse and other similar sexual offenses were not intended to fall within the Family Court’s jurisdiction under article 8. (People ex rel. Doty v. Krueger, 32 A D 2d 845, app. dsmd. 26 N Y 2d 881.) Moreover, the Family Court does not have exclusive original jurisdiction of a charge of endangering the morals of a minor. (People v. Nuernberger, 25 N Y 2d 179.) So, too, with the crime .of incest. (People v. Lewis, 29 N Y 2d 923.)
On the other hand, article 10 of the Family Court Act was designed with a twofold purpose, to wit: to protect children from abuse and neglect and to prosecute concurrently those who injure or mistreat their children. The provisions of subdivisions (a) and (b) of section 1013 and subdivision (c) of section 1014 clearly reflect the possibility of concurrent Family Court proceedings and criminal prosecution where the underlying acts violate the Penal Law. Moreover, it is this court’s view that the State Constitution and Legislature never intended that i;he erim *537 inal courts or District Attorney were prohibited from cofnmencing proceedings until after the determination of the Family Court where the basis of the abuse or neglect was rape, sodomy, seXual abuse, incest or endangering the morals of a minor.
Based upon the foregoing the defendant’s motion to dismiss Counts 1 through 11 and Counts 26 through 35 is hereby denied. (Cf. People v. Lewis, 29 N Y 2d 923, supra; People v. Nuernberger, 25 N Y 2d 179, supra; People ex rel. Doty v. Krueger, 32 A D 2d 845, app. dsmd. 26 N Y 2d 881, supra.) Therefore, the fact that the District Attorney and County Attorney made application to the Family Court for transfer of the proceedings to the District Attorney was, in retrospect, unnecessary.
The other issues raised by the defendant are addressed to the question whether legally sufficient evidence was presented to the Grand Jury to sustain the counts of the indictment.
The motion to inspect the Grand Jury minutes is granted to the extent that the court will read the minutes and inspect the exhibits presented to the Grand Jury. (CPL 210.3Q, subd. 3.)
The court after reading the Grand Jury minutes and inspecting the exhibits presented to the Grand Jury, concludes that legally sufficient evidence was presented to the Grand Jury to establish the commission by the defendant of the offenses alleged in the indictment except as to Counts 17 and 19. (CPL 190.65.) Furthermore, this court is of the view that the allegations set forth in Counts 36 through 78 are sufficient.
It is ordered that Count 17 and Count 19 of indictment number 31912 are hereby dismissed and it is further ordered that the defendant’s motion is denied in all other respects.