THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DONALD KENYON, Appellant.

Fourth Department, January 9, 1975.

410

*Peter L. Yellin* (*Leslie A. Bradshaw* of counsel), for appellant.

*Jack B. Lazarus, District Attorney* (*Melvin Bressler* of counsel), for respondent.

GOLDMAN, J. This appeal presents an unusual situation dealing with the respective jurisdictions of Family Court and County Court in a case involving an assault on a child by his stepfather. The facts clearly establish a controversy "between members of the same family or household" within the meaning of section 812 of the Family Court Act.

This litigation began with a proceeding under article 10 of the Family Court Act (Child Protective Proceedings). It was initiated by a complaint of the Department of Social Services alleging that defendant and his wife were responsible for the abuse and neglect of the three children of the wife by a prior marriage. All of the children were under five years of age. Charles Christopher, three years old, had suffered a serious cut on his left arm which the evidence disclosed had been inflicted by defendant who "had Christopher on the kitchen floor, had a saw in his hand, and cut Christopher's arm severely". The injury was so great that the child was rushed to the hospital

where he arrived in an unconscious condition and with no discernible pulse. The Family Court decision recites that the assault left the child with an impairment of functioning of the arm and possible impairment of emotional health. The record further indicates that the mother was present at the time of the incident and did nothing to prevent it.

All of the parties were represented by counsel at the adjudicatory hearing. The children were represented by a Law Guardian, the mother by the Legal Aid Society and the defendant by the Public Defender. An Assistant District Attorney was present throughout the proceedings, as required by subdivision (b) of section 254 of the Family Court Act. After hearing the proofs and the testimony offered, the court found that the allegations of the petition were proved and determined that the " child, Charles Christopher Osborn is an abused and neglected child and Randy Lee Sawdy and David Osborn are neglected children within the meaning of Article 10 ". The court placed the three children in the custody of the Department of Social Services for 18 months, placed defendant on probation for one year and made a protective order directing the defendant to stay away from the children.

About one month after the Family Court order of disposition the District Attorney presented the matter to a Grand Jury which indicted defendant for assault in the first degree (Penal Law, § 120.10, subd. 1, par. 3). Defendant then moved in the County Court to dismiss the indictment on the ground " that there exists some other jurisdictional or legal impediment to conviction ". The specific ground for the motion was that the acts which constituted the alleged assault were between parent and child or between members of the same family or household and, therefore, should be referred to Family Court, pursuant to section 812. Defendant contended that *People* v. *Johnson* (20 N Y 2d 220) was controlling and required the referral. County Court denied the motion on the ground that the matter had originally been initiated in Family Court, that it was fully explored and heard, that the proceedings had been completed and that it would be useless to return it to Family Court. Defendant then pleaded guilty to assault in the second degree and was sentenced to probation for five years.

The New York State Constitution (art. VI, § 13, subd. b; § 19, subd. b) provides that Family Court has jurisdiction over crimes and offenses between parent and child and section 812 of the Family Court Act implements this by giving Family Court " exclusive original jurisdiction ". That such jurisdiction is not

to be retained in every family controversy is clearly recognized in *People* v. *Johnson* (20 N Y 2d 220, 223, *supra*) wherein the court said, "There is little danger that truly criminal conduct will be treated as a 'family offense' rather than a crime and go unpunished". This is accomplished in proper cases by a referral of the matter to a court having criminal jurisdiction.

Defendant relies on the language of section 813 of article 8 of the Family Court Act which requires a transfer to Family Court of any criminal complaint charging disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household. The language of this section is mandatory (*People* v. *Bronson,* 39 A D 2d 464; *People* v. *Battaglia,* 39 A D 2d 833; *People* v. *Berger,* 40 A D 2d 192). The purpose of this section, which provides that a criminal complaint charging a family offense must be transferred to Family Court not more than three days from the time that the complaint has been made, is to avoid delay in the handling of such cases (*People* v. *Gemmill,* 34 A D 2d 177; *People* v. *Davis,* 27 A D 2d 299). The Family Court Act provides in effect, "that a 'family offense' was not to be prosecuted as a 'crime' until the Family Court judge so determined" (*People* v. *Johnson, supra,* p. 225; see, also, *People* v. *De Jesus,* 21 A D 2d 236, 241). The language of section 813 is not permissive. On the other hand the language of section 1014 of article 10 involving a transfer to or from Family Court in an article 10 proceeding is permissive and provides for concurrent proceedings in the Family Court and the criminal court.

The primary purpose of article 10 is to protect children from abuse and that protection was properly and promptly provided in the instant case. The Family Court has jurisdiction under article 10 even though a criminal court "has or may be exercising jurisdiction" over the same facts which are alleged in the petition under article 10. The District Attorney participated in the Family Court proceeding, as is his statutory responsibility. He could not have taken the matter to the County Court in the first instance as a matter of exclusive jurisdiction, and, if he had done so, the matter would necessarily have to be referred to Family Court to determine whether the family offense should be treated as a crime. If the Family Court found that the offense was criminal in nature, it could then transfer the matter to a criminal court (*People* v. *Nuernberger,* 25 N Y 2d 179; *People* v. *Williams,* 24 N Y 2d 274). This was the clear intention of the Legislature in the enactment of section 813.

The thrust of article 8 is to preserve the family under certain conditions of stress. It is remedial in nature. That purpose could not be carried out in the case at bar after the Family Court proceedings, for the protective order issued in this article 10 proceeding effectually eliminated the family unit by directing the father (defendant) to stay away from his wife and children.

Defendant argues that where the basis of the child abuse charge is assault, the Legislature intended through section 813 of article 8 that the criminal courts or the District Attorney were prohibited from initiating proceedings until after determination by the Family Court that there was criminal activity. However, if this contention be accepted, the language of section 1012 of the Family Court Act defining an abused child as one less than 16 whose parent "inflicts or allows to be inflicted upon such child physical injury by other than accidental means" is really without significance, for the usual means of inflicting injury is by assaulting a child. The instant case is an excellent example of an abused child within the meaning of article 10. Article 8 is clearly not concerned with children in need of protection, as defined in article 10. If defendant's position were to prevail, the Legislature used meaningless language in subdivision (c) of section 1014 when it provided that "nothing in this article shall be interpreted to preclude concurrent proceedings in the Family Court and a criminal court".

We are constrained to conclude that reading article 8 and article 10 together, whenever the basis of a child's abuse is assault, the proceeding under article 10 becomes operative and section 813 of article 8 has no further applicability once a child protective proceeding is first brought in Family Court. It should be noted that when article 10 was enacted in 1970, there was enacted at the same time subdivision (b) of section 254 of the Family Court Act which makes the District Attorney a necessary party to all cases involving child abuse. It appears then that chapter 962 of the Laws of 1970 contemplated concurrent proceedings, that even though Family Court has jurisdiction, simultaneously or thereafter, the District Attorney may proceed to take the case into criminal court without disturbing the purpose of section 813.

The method of handling the instant case of child abuse, we submit, explicitly carries out the intent of the Legislature in the adoption of article 10. Family Court was given jurisdiction in the first instance, as is required by the act; it dealt fully and completely with the matter, and then the District Attorney and the criminal court played its proper role. In light of the

history of this case, to require the County Court to send this matter to Family Court and then have Family Court perfunctorily return it to County Court, would serve neither the statutory requirements nor common sense. It would, indeed, not only exalt form over substance but would be an entirely useless and futile act.

The judgment should be affirmed.

MARSH, P. J., WITMER, SIMONS and MAHONEY, JJ., concur.

Judgment unanimously affirmed.