■ ROBERT NUERNBERGER, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 51615.)—Judgment unanimously modified by increasing the award to $31,500 and, as modified, affirmed, with costs to claimant. Memorandum: These are cross appeals from a Court of Claims judgment which awarded claimant-respondent-appellant $20,250 for false imprisonment by the State. Claimant appeals on the ground that the award is inadequate. The State contends that the award is excessive and further urges that the State has no liability, because claimant was imprisoned on a valid order of commitment. Claimant was convicted after a jury trial of the felony of assault, with intent to commit incest, and of the misdemeanor of impairing the morals of a minor. He received a sentence of three to six years on the felony conviction. Upon appeal to this court we affirmed the conviction (31 AD2d 718). In reversing the conviction, the Court of Appeals noted that although the evidence was sufficient to sustain it, the Family Court had exclusive jurisdiction over any proceeding concerning an act which would constitute an assault between parent and child, and, therefore, transferred the case to Family Court (25 NY2d 179, 182–183). Claimant was thereupon released from prison after having served about two years and three months. Upon claimant's first trial for false imprisonment his claim was dismissed. Upon appeal from the dismissal we reversed the judgment upon the ground that a good cause of action existed because the court which originally sentenced him lacked jurisdiction, and we granted a new trial solely upon the issue of claimant's damages (40 AD2d 939). On retrial the Court of Claims found that claimant's earnings had averaged about $9,000 per year prior to his incarceration in a State prison. The award compensated claimant solely for his lost earnings during his two and a quarter years of imprisonment and failed to compensate him for any damages flowing from his prison stay. In assessing the amount of these other damages, we take notice of the fact that claimant's reputation had suffered injury by his own conduct prior to his conviction in the instant case. He had been convicted of a felony and of lesser offenses before being arrested in the case at bar. Taking all of these matters into consideration, we find that $31,500 would be just and fair compensation for all of the claimant's damages, including loss of earnings. The State concedes that we have previously ruled on the question of its liability, but it asks us to reconsider that question. We find no merit in this request. As stated in *Harty v State of New York* (29 AD2d 243, 244) "An exception to the rule that the State need not respond in damages where the commitment is valid on its face appears to be where the court issuing the process lacked jurisdiction of the person [as in the instant case] or the subject matter. *(Troutman v State of New York,* 273 App Div 619, 621; *Hicks v State of New*

*York,* 22 AD2d 837, 838.)" (Appeals from judgment of Court of Claims on claim for damages for false imprisonment.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.