THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH M. WEBB, Appellant.

Third Department, April 22, 1976

David B. Alford for appellant.

*Sol Greenberg, District Attorney,* for respondent.

*Per Curiam.* Defendant, on November 4, 1975, at his home in Selkirk, New York, during a period of depression accompanied by excessive drinking of alcoholic beverages, did forcibly compel his 13-year-old stepdaughter to commit oral sodomy.

Defendant raises two issues on this appeal: (1) Family Court had exclusive original jurisdiction over the offense charged and, therefore, County Court lacked jurisdiction to entertain the plea and to impose a sentence, and (2) if County Court did have jurisdiction to act, the sentence imposed was unduly harsh and excessive.

Section 13 of article VI of the New York Constitution provides that the Family Court, among other things, has jurisdiction as provided by law. Implementing this constitutional provision, section 812 of the Family Court Act provides that "[t]he family court has exclusive original jurisdiction, subject to the provisions of section eight hundred thirteen, over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt *[sic]* assault between spouses or between parents and child or between members of the same family or household". Section 813 of the Family Court Act merely provides the mechanics of transferring to Family Court complaints charging any of the crimes enumerated in the preceding section. The language of section 812 of the Family Court Act is mandatory and any offense set forth therein must initially be handled in Family Court. Conversely, jurisdiction over unenumerated offenses does not lie in that court *(People v Johnson,* 20 NY2d 220). The issue then is whether an act of forcible sodomy between parent and child is an "assault" within the meaning and intent of section 812 of the Family Court Act requiring original jurisdiction in Family Court.

In *People v Nuernberger* (25 NY2d 179) the Court of Appeals held, *inter alia,* that Family Court had exclusive jurisdiction over the felony of assault with intent to commit incest, but avoided the issue of whether incest itself was an act within the exclusive jurisdiction of Family Court. Later, in *People v Lewis* (29 NY2d 923), the same court, facing the sole issue of whether incest was an assault within the meaning of section 812 of the Family Court Act, determined it was not. Incest and an act of forcible sodomy between father and daughter are both unnatural acts, heinous in nature, and

while both involve "assaultive" conduct it cannot be said that such acts fall within the meaning of "assault" as that term is used in section 812 of the Family Court Act. By deliberately refraining from including the crimes of "incest" and "sodomy" among the enumerated offenses in section 812, the Legislature implied that such crimes are not "family offenses" to be treated as "domestic quarrels" but, rather, are serious crimes to be prosecuted in the appropriate criminal tribunal *(People ex rel. Doty v Krueger,* 58 Misc 2d 428, affd 32 AD2d 845, app dsmd 26 NY2d 881). This legislative intendment is not altered by article 10, specifically sections 1011, 1012 and 1013, of the Family Court Act, since that article, entitled "Child Protective Proceedings", is designed to protect children from abuse and neglect and, when necessary, to remove an abused child from the parent during the pendency of a prosecution of a parent either in Family Court or an appropriate criminal court. Therefore, it follows that the County Court had jurisdiction to entertain defendant's plea of guilty and to impose sentence.

The court imposed no minimum but a maximum of 20 years which we find is neither unduly harsh nor excessive.

The judgment should be affirmed.

MAHONEY, J. (dissenting). Although we concur in that portion of the majority's decision that holds that the County Court had jurisdiction to entertain defendant's plea of guilty and to impose sentence, we dissent from that portion of the majority's decision that holds that the sentence imposed was not unduly harsh and excessive and vote to modify the judgment by reducing the sentence to an indeterminate term of imprisonment with a maximum of 10 years.

KOREMAN, P. J., KANE and HERLIHY, JJ., concur in *Per Curiam* opinion; MAHONEY and MAIN, JJ., dissent and vote to modify in an opinion by MAHONEY, J.

Judgment affirmed.