*161 OPINION OF THE COURT
George L. Greenstein, J.
Defendant’s motion for an order dismissing the informations filed against him is denied.
Defendant has been charged with several violations of the Penal Law in that he engaged in a course of conduct whereby he did harass, threaten and endanger his wife’s life.
The complainant wife pursuant to section 812 of the Family Court Act (as amd by L 1977, ch 449, § 1, eff Sept. 1, 1977), did exercise her right to proceed with a complaint in the District Court as opposed to the Family Court. As a result, defendant husband now faces criminal liability.
Defendant now moves for a dismissal of the three informations pursuant to CPL 170.35, alleging the informations are defective in that this court is without jurisdiction of the offenses charged.
In his moving papers defendant first contends that the complainant has not filed any documents pursuant to section 812 of the Family Court Act indicating that complainant was advised of procedures available for the institution of family offense proceedings and having been so advised elected the District Court as the forum.
Nowhere in section 812 of the Family Court Act is there any requirement for the filing of such a document. What the section does require is that any petitioner or complainant must be advised of certain procedures.
Nevertheless the People in opposition have submitted as Exhibit A, a document bearing the purported signature of the complainant wherein she was advised of the procedures and after being so advised elected this court as the forum in which she wished to proceed. In the court’s opinion this sufficiently rebuts the argument of the defendant.
Turning to the more serious issue which defendant has raised, this court is faced with determining whether the amendments to section 812 of the Family Court Act divesting the Family Court of exclusive original jurisdiction of certain acts between spouses which have come to be known as "family offenses” and giving the criminal courts concurrent jurisdiction with the Family Court over such offenses, controvene the Constitutions of the United States and the State of New York.
Defendant contends that the Legislature in amending section 812 did violate article VI (§ 13, subd b) of the Constitution *162 of the State of New York relating to the Family Court which provides: "[t]he family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: * * * and (7) as may be provided by law: the guardianship of the person of minors and, in conformity with the provisions of section seven of this article, crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household.” (Emphasis added.)
This section then sets forth the actions and proceedings over which the Family Court shall have jurisdiction. The question then is whether this grant of jurisdiction is mandatory or permissive?
In examining the language of the section it is noted that the seventh category of proceeding which relates to the so-called "family offenses”, is separated from the first six by the language "and (7) as may be provided by law”. This language is crucial for it seems that while original jurisdiction over the first six actions is mandatory, as regards the last category the grant of jurisdiction is permissive and may be implemented by legislative action, and the courts of this State have so held. (People v Webb, 52 AD2d 8; People v Johnson, 20 NY2d 220.) It was the Legislature by the former section 812 which vested the Family Court with exclusive original jurisdiction and it is the Legislature which has the power to divest the Family Court of exclusive original jurisdiction, which it has done by the amendment of that section. Therefore, defendant’s argument as to this court’s lack of jurisdiction must fail.
 Finally turning to defendant’s closing arguments concerning deprivation of due process of law, equal protection and vagueness. This court finds that defendant has failed to prove to this court beyond a reasonable doubt that the legislation has violated these rights. There is an exceedingly strong presumption of constitutionality concerning legislation and while this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality. (Citing Lighthouse Shores v Town of Islip, 41 NY2d 7.)
As to the allegation of vagueness this court likewise finds this argument without merit. The test in determining whether a statute should be considered unconstitutionally *163 vague is if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.” (United States v Harriss, 347 US 612, as cited in Matter of Patricia A., 31 NY2d 83, 86.) The vagueness complained of by defendant does not go to whether or not due notice has been given concerning defendant’s actions but rather whether a ministerial action wherein a complainant is advised of certain procedures is vague. This is a problem which goes not to the constitutionality of the statute but rather to the actual administration of the statute by the court system and therefore defendant’s argument must fail.
Accordingly, defendant’s motion to dismiss the informations is denied.