■ In the Matter of JASON EASTER, a Child Under the Age of Sixteen Years Alleged to be Abused. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN EASTER, Appellant. (Proceeding No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EASTER, Appellant. (Proceeding No. 2.)—Appeal in Proceeding No. 1 from an order of the Family Court of Albany County, entered January 26, 1979, which referred a matter involving alleged child abuse to the District Attorney of Albany County and the appropriate criminal court. Appeal in Proceeding No. 2 from a judgment of the County Court of Albany County, rendered December 8, 1977, convicting defendant on his plea of guilty of the crime of assault in the second degree. Defendant was indicted for the crime of assault in the first degree allegedly committed on his 10-week-old son. After a denial by the trial court to suppress certain testimony relating to statements made by defendant to two social workers, he pleaded guilty to assault in the second degree and was sentenced to one year in the Albany County Jail. This appeal in Proceeding No. 2 ensued. We are also concerned with an appeal in Proceeding No. 1 from an order of the Family Court which referred the instant matter to the office of the Albany County District Attorney and the appropriate criminal court "for proceedings in the nature of a criminal matter". This order was signed on January 31, 1977, but not entered until January 26, 1979. Defendant raises several issues on these appeals urging reversal. The record reveals that defendant took his infant son to the Albany Medical Center Hospital, where it was revealed that the child had suffered fractures of the skull, rib and leg. Defendant assumed responsibility for the injuries and, thereafter, he conversed with two social workers. One of these social workers was an employee of the Child Protection Unit of the Albany County Social Services Department and brought a proceeding pursuant to article 10 of the Family Court Act. Subsequently, the two social workers and others testified before the Grand Jury and the instant indictment was returned. Initially, in the appeal in Proceeding No. 1, defendant contends that the case should have been commenced under article 8 of the Family Court Act and not article 10. It is defendant's contention that article 8, as then in effect, covered acts which would constitute an assault between parent and child and provided for special procedures and immunities not provided for in article 10 and, consequently, he argues he was denied due process. We disagree. An examination of the articles reveal that article 8 was intended "to preserve the family under certain conditions of stress" *(People v Kenyon,* 46 AD2d 409, 413), whereas article 10 has the two-fold purpose of protecting children from abuse and neglect and to prosecute concurrently those who mistreat their children *(People v Webb,* 52 AD2d 8). In our view, the Social Services Department, in its discretion, properly brought the proceeding under article 10 *(People v Kenyon, supra).* We reject defendant's further contention that the Family Court erred in transferring the case without a hearing. Concededly, subdivision (a) of section 1014 of the Family Court Act requires a hearing. An examination of the instant record, however, demonstrates to us that a hearing was held. The court stated it had taken cognizance of the medical report setting forth the child's injuries and certain statements of the social workers, together with the admissions of the defendant. Furthermore, the court stated it had made "examinations and inquiries into the facts and circumstances of the case and into the surroundings, conditions, and capacities of the persons involved". It was not necessary, in our opinion, for the court to conform with the requirements of a criminal trial or an administrative hearing (see *Kent v United States,* 383 US 541). We pass to the contentions raised by defendant on appeal in

Proceeding No. 2. His contention that he was denied due process because the prosecution of the criminal matter was prior to entry of the Family Court order transferring the matter lacks merit. Pursuant to article 10 of the Family Court Act, the Family Court and Criminal Court have concurrent jurisdiction over proceedings involving child abuse. Accordingly, the criminal action could have proceeded irrespective of the transfer and irrespective of the outcome of any appeal taken by defendant. In addition, the order could have been entered by defendant himself (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5513:2, p 139). Finally, we also reject defendant's contention that his statements to the social workers were privileged and should have been suppressed. The grounds enumerated in CPL 710.20 on which a motion to suppress may be made do not include evidence which is claimed to be privileged. We have examined all the other issues raised by defendant on these appeals and find them unpersuasive. The judgment and order should be affirmed. Judgment and order affirmed. Greenblott, J. P., Sweeney, Mikoll and Herlihy, JJ., concur; Main, J., not taking part.