OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Respondent petitions this court to modify a final order of disposition after a finding of neglect, to permit him to exercise visitation rights. Notice was given to the petitioner, Law Guardian, and the District Attorney, and all parties have appeared herein. Respondent now moves that the office of the District Attorney is not a party to the motion before the court.
The petitioner (Department of Social Services) originally filed a petition alleging, in the alternative, that the respondent committed certain acts against his children which would sustain a finding of child abuse and/or neglect. At the fact- *1004 finding hearing, the respondent admitted certain portions of the petition as to neglect only, and denied all acts as to child abuse. At the time of the admission, all parties including the office of the District Attorney were present in court and did not object when the admissions were made by the respondent as to neglect only. Thereafter a dispositional order was made, which order the respondent now wishes to have modified.
QUESTION
The issue herein is succinctly stated: Is the office of the District Attorney a proper or necessary party to any proceeding under article 10 of the Family Court Act, after an original child abuse petition was sustained on grounds of neglect only?
STATUTE
The office of the District Attorney is specifically authorized to appear in Family Court under sections 254 and 254-a of the Family Court Act. Section 254 reads:
"Presentation by corporation counsel, county attorney or district attorney. * * *
"(b) In all cases involving abuse, the corporation counsel of the city of New York and outside the city of New York, the appropriate district attorney shall be a necessary party to the proceeding.”
In proceedings under article 10 of the Family Court Act, the sole authority of the office of the District Attorney is derived from section 254 of the Family Court Act, in those cases where "abuse” is involved. Abuse is defined under subdivision (c) of section 1012 as: " 'A case involving abuse’ means any proceeding under this article in which there are allegations that one or more of the children of, or the legal responsibility of, the respondent are abused children”.
And the section continues:
"(e) 'Abused child’ means a child less then eighteen years of age whose parent or other person legally responsible for his care;
"(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ, or
*1005 "(ii) creates or allows to create a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ, or
"(iii) commits, or allows to be committed, a sex offense against such, as defined in the penal law, provided, however, that the corroboration requirements contained therein shall not apply to proceedings under this article.”
Since Family Court jurisdiction is civil in nature and not criminal, the role of the office of the District Attorney has historically been minimized in both scope and function in all Family Court proceedings. (Matter of Gigi B, 71 Misc 2d 176.)
To ascertain the legislative intent in amending subdivision Ob) of section 254 of the Family Court Act, this court has examined all available "multiple memoranda” filed in support/ opposition to chapter 962 of the Laws of 1970. That chapter substantially rewrote and created a new article 10 of the Family Court Act, entitled "Child Protective Proceedings.” A separate part of court, entitled "Child Abuse Part” was established, as well as the addition of section 254 which among other authority made the office of the District Attorney a necessary party in abuse proceedings. (L 1970, ch 962, § 7.) There is a paucity of comment by all organizations, persons and legislators concerning the inclusion of the office of the District Attorney as a party in abuse proceedings. The only theory appears to be the mandating of Law Guardian representation for the child-victim, instead of the office of the District Attorney or police attorney. (Memorandum of City of New York, April 28, 1970, recommending approval, NY Legis Ann, 1970, p 28.)
However, the commentator has claimed that there was a compromise by the Legislature in enacting chapter 962 when he stated: "In cases involving abuse, the Corporation Counsel of the City of New York and outside the City of New York, the appropriate district attorney must be a 'necessary party to the proceeding.’ This language was the result of a legislative compromise meant to insure that that these legal officers would have notice of and be available for all child protective proceedings without automatically displacing the role or function of the petitioner’s counsel, if one is present. In cases involving child abuse, the Corporation Counsel and the Dis *1006 trict Attorney are required to be parties to the proceeding in order to insure the fullest possible development of facts and law so that the children’s safety and well-being are best protected.” (Besharow, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, pp 185, 187.)
If there is any determinable legislative intent from the commentary (infra) it would be to give the office of the District Attorney "notice of and be available for all child protective proceedings. ” In addition, the commentary raises the question that the presentation of abuse and neglect petitions in 1970 were not automatically made by counsel for petitioner (Department of Social Services), and that perhaps the office of the District Attorney should be available to assist individual caseworkers in the presentation of petitions.
Given this posture, it is reasonable that in "abuse cases” there would be more likelihood of underlying criminal acts and therefore the office of the District Attorney may well have access to independent information or criminal investigations. It is the nature of the office of the District Attorney to investigate and prosecute alleged criminal actions, some of which fall within the definition of "child abuse”.
However in today’s practice, the Department of Social Services maintains its own counsel or retains independent counsel to prosecute and defend its presentation of cases in the Family Court. In this county there are six full-time child abuse/neglect attorneys who practice exclusively in Family Court. Children are effectively represented and protected by the office of the Law Guardian. Today, neglect or abuse petitions are effectively presented and prosecuted by these legal staffs.
While it may be argued subdivision 4 of section 254-a of the Family Court Act is a specific grant of authorized powers to present a designated felony petition in Family Court, which grant authorized powers not granted in subdivision (b) of section 254 then the role of the office of the District Attorney in child abuse proceedings be only one of form and not substance. Such a theory would make the District Attorney a mere presence in the Family Court, and deny to that office the right to present witnesses, pleadings, etc. This theory this court does not agree with.
The office of the District Attorney, having been granted a specific statutory authorization in abuse cases in Family Court to appear as a "necessary party to the proceedings”, does have *1007 the right to present witnesses, pleadings, examining cross-examined witnesses, without limitation. The office of the District Attorney has the same rights and duties of any other "necessary party” in child abuse proceedings. If the Legislature intended any other interpretation (i.e., presence vs/ party status), then it should address squarely the intended role of the office of the District Attorney in "abuse” cases in the Family Court.
This court has been unable to locate any relevant case law on the question of both the role and scope of the office of the District Attorney in Family Court. (Cf. People v Kenyon, 46 AD2d 409.)
It is the finding of this court that the role of the office of the District Attorney in Family Court is statutorily limited to child abuse cases and designated felony cases. Any lesser charges — (i.e., neglect or juvenile delinquency) or findings thereon will deprive the office of the District Attorney from future standing as a party. The grant of authority to the office of the District Attorney in Family Court is strictly limited by statute.
The motion of the respondent is granted. The office of the District Attorney is without standing in this pending motion to modify a dispositional order as the result of a neglect finding.