■ In the Matter of SUZANNE HAMM-JONES, Appellant, v EARL JONES, Respondent. [702 NYS2d 130] —Spain, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered January 19, 1999, which dismissed

petitioner's application, in a proceeding pursuant to Family Court Act article 8, for an order of protection.

Petitioner and respondent have two children, a daughter born in 1994 and a son born in 1992. In August 1998, petitioner filed this family offense petition against respondent in Family Court seeking an order of protection pursuant to Family Court Act article 8. The petition alleges acts of sexual abuse by respondent perpetrated toward their daughter during a period of visitation. Their daughter was, at that time, four years of age. Following a fact-finding hearing at which, *inter alia*, hospital records and the child's out-of-court statements to petitioner and hospital personnel were received in evidence, without objection, Family Court dismissed the petition, concluding that the evidence was insufficient to support the allegations.* This appeal ensued.

We affirm, but for reasons other than those relied upon by Family Court. Initially, the issue of Family Court's jurisdiction over these serious allegations under Family Court Act article 8 has not been raised by either of the parties or the Law Guardian in this proceeding. We nonetheless conclude that the petition herein should have been dismissed for lack of subject matter jurisdiction since the acts alleged to have been committed by respondent are not the proper subject of a family offense proceeding. Significantly, Family Court Act article 8 governing family offense proceedings only grants jurisdiction to Family Court in proceedings "concerning acts which would constitute disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault" (Family Ct Act § 812 [1]). Under established rules of statutory construction, criminal acts not specifically enumerated in Family Court Act § 812 are deemed excluded (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 240; *People v Lewis*, 29 NY2d 923, 924).

The allegations in the petition charge respondent with various forms of sexual misconduct, the most serious of which constitutes the class B felony of aggravated sexual abuse in the first degree (*see*, Penal Law § 130.70 [1] [c]). Clearly, Family Court Act § 812 (1), by its terms, does not confer jurisdiction upon Family Court to entertain a family offense petition containing allegations in the nature of those alleged to have been committed by respondent (*see*, *People v Lewis*, *supra*, at

---

* Notably, the allegations were investigated by the Dutchess County Department of Social Services and determined to be "unfounded".

924; *People ex rel. Doty v Krueger*, 58 Misc 2d 428, 429-430, *affd* 32 AD2d 845, *appeal dismissed* 26 NY2d 881; *cf., People v Nuernberger*, 25 NY2d 179, 182; *People v Webb*, 52 AD2d 8; *People v Abrams*, 73 Misc 2d 534; *People v Monsanto*, 70 Misc 2d 996). In our view, the fact that the conduct alleged could be generally minimized and characterized as constituting the lesser crimes of assault which are enumerated in Family Court Act § 812 is immaterial, as the petition in fact alleges the more serious, nonenumerated felony proscribed by Penal Law § 130.70 (1) (c). Accordingly, the petition should have been dismissed at the outset.

Not insignificantly, petitioner was not without a remedy, as she could have filed a petition for an order of protection in the appropriate context of a custody or visitation proceeding under Family Court Act article 4 (*see*, Family Ct Act § 446) or article 6 (*see*, Family Ct Act §§ 655, 656). Alternatively, she could have applied to Family Court for authorization to originate child abuse or neglect charges under Family Court Act article 10 (*see*, Family Ct Act § 1032 [b]). That the Dutchess County Department of Social Services concluded that the allegations were "unfounded" would, of course, diminish the likelihood that Family Court would authorize petitioner to file a petition under Family Court Act article 10.

Mercure, J. P., Crew. III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.