■ CHARLES WALDEN, Appellant, v ELAINE WALDEN, Respondent.—In a matrimonial action, plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), entered November 9, 1984, as, after a hearing, denied his motion to modify the judgment of divorce so as to award him sole custody of the parties' daughter and granted defendant former wife's cross motion to modify the judgment so as to award her sole custody of the parties' son.

Order affirmed, insofar as appealed from, with costs.

The parties were married in June of 1973. A son was born in 1976 and a daughter was born in 1978. Divorce proceedings were commenced in 1981, and thereafter a forensic report was prepared to aid in the determination of the temporary custody issue. That report, which recommended that the defendant be granted sole custody of the children, disclosed that both children were showing signs of emotional strain due to the hostility existing between the parents.

The parties thereafter entered into a stipulation of settle-

ment which awarded sole custody of the son to the plaintiff and sole custody of the daughter to the defendant, and adopted a complicated visitation schedule. The stipulation of settlement was subsequently incorporated but not merged into a judgment of divorce granted in June of 1983, and one month later the plaintiff remarried.

The visitation plan incorporated into judgment of divorce proved to be unsuccessful from its inception, due largely to the interference of the parents. The children continued to exhibit behavioral disorders corresponding to the continued animosity between their parents, and in March of 1984, the plaintiff moved pursuant to Domestic Relations Law § 240 for a modification of the divorce judgment so as to award him sole custody of the daughter. In April of 1984, the defendant cross-moved for a modification awarding her sole custody of the son and, as had happened previously, a forensic report was prepared to assist the court in determining the custody issue. Following a lengthy hearing and an in camera discussion with the children, plaintiff's motion was denied, and defendant's cross motion for custody of the son was granted, subject to the right of reasonable visitation by the plaintiff. This appeal followed.

Under *Friederwitzer v Friederwitzer* (55 NY2d 89, 94-95), a custody award, made upon stipulation of the parties, may be modified when the totality of the circumstances warrants a modification in the best interests of the children. Stability in a child's living arrangements is surely a legitimate consideration in a custody proceeding, but it is not a determinative factor (*Matter of Nehra v Uhlar*, 43 NY2d 242, 248-249; *Matter of Gloria S. v Richard B.*, 80 AD2d 72, 78). Nor is a child's preference for a particular parent determinative, especially where that child has been subjected to the stress of his parents' bitter divorce (*see, Matter of Nehra v Uhlar, supra*, at p 249; *Matter of Lincoln v Lincoln*, 24 NY2d 270, 273).

Although the psychiatrist who conducted the second forensic evaluation recommended postponing resolution of the custody dispute until such time as the parties were able to calm their hostilities through psychotherapy, and although the mother's current living arrangements were less than satisfactory, Special Term awarded the defendant custody of the son. This decision has a substantial basis in the record and should not be disturbed on appeal (*see, Matter of Gloria S. v Richard B., supra*, at p 76).

The conclusion of both forensic evaluations was that it was

the father who was primarily responsible for the children's emotional disturbance, as a result of his attempts to alienate their natural affection for their mother. The father's influence was most evident in the son, who, at age eight, no longer referred to the defendant as his mother, but derogatorily called her by her given name and mimicked the abusive names which he had heard the plaintiff direct at her. Finding it unlikely that the father would cease this harmful conduct, the court transferred custody of the son to the mother in order to remedy the deteriorating relationship. This change of custody is consistent with the recommendation expressed at the hearing by the Nassau County probation officer who participated in the preparation of the second forensic report, and is also desirable because it brings about the reunification of the siblings, who had little contact with each other under the prior custody arrangement (see, *Matter of Ebert v Ebert,* 38 NY2d 700, 704). The record establishes that the children have a close relationship, which will provide them with needed support as they attempt to overcome the emotional injuries which they have suffered as a result of their parents' divorce. Finally, it was within the court's discretion to afford little weight to the recommendation of the plaintiff's expert that the plaintiff be awarded custody of *both* children, in light of the fact that the foregoing recommendation was made without the benefit of an interview with the mother (see, *Alan G. v Joan G.,* 104 AD2d 147, 154; *Twersky v Twersky,* 103 AD2d 775, 776). Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.