■ In the Matter of ANGEL R., a Child Alleged to be Neglected. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., et al., Respondents; DIANE R., Appellant. (Proceeding No. 1.) In the Matter of ANGELICA B., a Child Alleged to be Neglected. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., et al., Respondents; DIANE R.,

Appellant. (Proceeding No. 2.) In the Matter of JOSE B., a Child Alleged to be Neglected. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., et al., Respondents; DIANE R., Appellant. (Proceeding No. 3.)—In three proceedings pursuant to Family Court Act article 6, to terminate the parental rights of the mother of certain children, the mother appeals from three orders of disposition (one as to each child), of the Family Court, Kings County (Palmer, J.), all dated August 16, 1990, which, *inter alia,* terminated her parental rights to her three children on the ground of permanent neglect. The appeals bring up for review a fact-finding determination of the same court, dated July 17, 1990, which, after a hearing, found that the mother had permanently neglected her three children.

Ordered that the orders are affirmed, without costs or disbursements.

It is well settled that when a child-care agency has custody of a child and brings a proceeding to terminate parental rights on the ground of permanent neglect, it must prove by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship and to reunite the family *(see, Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368; *Matter of Erica J.,* 154 AD2d 595). "Those efforts must include counseling, making suitable arrangements for visitation, providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent at appropriate intervals of the child's progress and development" *(Matter of Star Leslie W., supra,* at 142; Social Services Law § 384-b [7] [f]). The record establishes that the child-care agency fulfilled its statutory duty to exercise diligent efforts to strengthen the parental relationship and reunite this family. Moreover, notwithstanding the mother's claims to the contrary, we also find that she has substantially and repeatedly failed to maintain contact with and plan for the future of the three children (Social Services Law § 384-b [7] [a]; *Matter of Orlando F.,* 40 NY2d 103, 110). Thus, the Family Court properly terminated the mother's parental rights.

Contrary to the mother's contention, we also find that the court properly commenced the fact-finding hearing in her absence after she had failed to appear on three successive hearing dates *(see, Matter of Dennis C.,* 121 AD2d 535).

Finally, we reject the mother's claim that her attorney's representation of her at the fact-finding and dispositional hearings was ineffective *(see, Matter of Erin G.,* 139 AD2d 737;

*see also, People v Aiken,* 45 NY2d 394, 399). Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.