■ In the Matter of BETH PANETTA, Appellant, v GANNON T. RUDDY, SR., Respondent. [795 NYS2d 674]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered February 20, 2004, which awarded sole custody of the parties' child to the father and suspended her visitation rights.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court awarded the father sole custody and suspended the mother's visitation rights, inter alia, on the ground that visitation with the mother jeopardized the child's emotional well being. The child's older half-brother committed sodomy on him while the child was in the mother's care, and the child's half-brother was adjudicated a juvenile delinquent as a result thereof. The Family Court found, inter alia, that the child was subjected to a "polluted environment" during visits with the mother, including being blamed for the adjudication against his half-brother.

On appeal, the mother contends, inter alia, that the Family Court erred in failing, sua sponte, to order an independent psychological examination of her to determine her parental fitness, and an independent psychological examination of the child. Although the Law Guardian does not join the mother in the above contention, he concurs with her that the matter should be remitted to the Family Court, Suffolk County, to address the possibility of supervised visitation.

An award of custody is a matter of discretion for the hearing court and its decision is entitled to great weight (*see Matter of Tito G. v Thelma G.,* 187 AD2d 651 [1992]). "The [hearing] court's determination in a custody dispute, based as it is upon a first-hand assessment of the parties, their credibility, and their character and temperaments, will generally be accorded great deference on appeal" (*Hanway v Hanway,* 208 AD2d 499, 500 [1994]).

The Family Court was not required to, sua sponte, order independent psychological assessments (*see Matter of Smith v Kalman,* 235 AD2d 848 [1997]).

The Family Court providently exercised its discretion in this case. Although denying visitation rights " 'to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child' " (*Matter of Grisanti v Grisanti,* 4 AD3d 471, 473 [2004], quoting *Paul G. v Donna G.,* 175 AD2d 236, 237 [1991]), under the circumstances of this case, the Family Court's findings have a sound and substantial basis in the record. Nothing herein precludes the mother from seeking a modification as to her visitation rights at some later date should the totality of the circumstances indicate that to do so would be in the best interests of the child (*see Matter of Diaz v Diaz,* 224 AD2d 614 [1996]). Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.