■ In the Matter of JEHUDA ISH-SHALOM, Appellant, v VERONICA WITTMANN, Respondent. (Proceeding No. 1.) In the Matter of VERONICA WITTMANN, Respondent, v JEHUDA ISH-SHALOM, Appellant. (Proceeding No. 2.) [797 NYS2d 111]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Westchester County (Cooney, J.), entered February 6, 2003, which, upon a decision of the same court (Tolbert, J.) entered April 9, 1999, inter alia, awarded custody of the subject children to the mother and permitted her to relocate with the children to Florida, (2) an order of the same court (Cooney, J.) entered February 6, 2003, which denied his petition, inter alia, for a change in custody, and (3) an order of the same court (Cooney, J.) entered July 25, 2003, which denied his motion, inter alia, to hold the mother in contempt of court for violating prior court orders.

Ordered that the first order entered February 6, 2003, is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding the mother sole custody, and substituting therefor a provision awarding the mother and father joint custody, with the residence of the children to remain with the mother in Florida and with all decision-making authority to remain with the mother; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the second order entered February 6, 2003, and the order entered July 25, 2003, are affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court providently exercised its discretion in determining that the subject children shall reside with their mother in Florida. In a custody proceeding, the court's paramount concern is to determine what placement is in the best interests of the children, based on the totality of the circumstances (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). In the present case, the Family Court conducted a fact-finding hearing, weighed all of the relevant factors, and concluded that it was in the children's best

interests to reside with their mother. Since the hearing court is in the best position to evaluate the credibility of the witnesses, its custody determination is entitled to great deference on appeal and will not be disturbed where, as here, it has a sound and substantial basis in the record (*see Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946 [1985]).

However, this Court shares the Family Court's concern that the immigration status in this country of the mother, a German national who entered this country on a visitor's visa, "is questionable at best." The father and a court-appointed psychologist expressed concern that the mother would return with the children to Germany, where she is licensed to practice medicine. The mother has already removed the children from New York to Florida, in direct contravention of a direction by the Family Court in open court that "neither party shall remove the children from the jurisdiction of the court." If the mother were to return to Germany with the children, the father, as noncustodial parent, could not petition under the terms of the Hague Convention on International Child Abduction for the children's return (*see Matter of Welsh v Lewis*, 292 AD2d 536, 537 [2002]; *Croll v Croll*, 229 F3d 133 [2000], *cert denied* 534 US 949 [2001]). Under these particular circumstances, the father should have been awarded joint custody with the mother. As provided in the order appealed from, the mother shall continue to provide the father with information with respect to the children's health, education, and religious training. However, the mother shall retain decision-making authority with respect to all issues.

The father's remaining contentions are without merit. Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.