■ In the Matter of DAMON LICARI, Respondent, v CHERYL MULDERIG, Appellant. [805 NYS2d 129]—In a custody proceeding pursuant to Family Court Act article 6, the mother appeals (1), as limited by her brief, from so much of an order of the Family

Court, Suffolk County (Boggio, R.), entered April 23, 2004, as awarded residential custody of the parties' child to the father, and (2) an order of the same court entered June 22, 2004.

Ordered that the appeal from the order entered June 22, 2004, is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal from the order entered April 23, 2004, is affirmed, without costs or disbursements.

It is well established that in adjudicating custody issues, the paramount concern is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Ish-Shalom v Wittmann*, 19 AD3d 493 [2005]). In determining the best interests of the child, the court must consider the totality of the circumstances (*see Eschbach v Eschbach, supra* at 171; *Friederwitzer v Friederwitzer, supra; Matter of Ish-Shalom v Wittmann, supra*). A "court's determination in a custody dispute, based as it is upon a first-hand assessment of the parties, their credibility, and their character and temperaments, will generally be accorded great deference on appeal" (*Matter of Panetta v Ruddy*, 18 AD3d 662, 663 [2005] [internal quotation marks omitted]). Accordingly, this Court will not disturb a Family Court's custody order as long as the order was a provident exercise of its discretion (*see Matter of Perez v Sepulveda*, 21 AD3d 558 [2005]). The Family Court in this case considered the appropriate factors in determining what was in the best interests of the child, and its determination to award residential custody to the father had a sound and substantial basis in the record. Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.