■ In the Matter of THOMAS C. ZINDLE, Respondent, v DOROTHY HERNANDEZ, Appellant. [809 NYS2d 524]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Queens County (Ebrahimoff, R.), dated August 17, 2004, which awarded sole custody of the subject child to the father and established a visitation schedule for the mother, and (2) an order of the same court dated January 11, 2005, which denied her motion to set aside the order dated August 17, 2004.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly concluded the hearing in her absence after she failed to appear on the date she was scheduled to testify (*see Matter of Angel R.*, 187 AD2d 433, 434 [1992]; *Matter of Zelenak v Zelenak*, 182 AD2d 767, 768 [1992]; *Matter of Michael Dennis C.*, 121 AD2d 535 [1986]). The mother had been present with counsel on several previous hearing dates and had participated extensively in the hearing through her counsel's cross-examination of the father, his spouse, and the expert witness. In the circumstances presented here, the Family Court's refusal to accept the proffered excuse for her absence on the day she knew she would be testifying was a provident exercise of the court's discretion.

The Family Court also providently exercised its discretion in awarding sole custody of the subject child to the father. In adjudicating custody issues, the paramount concern is the best interest of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Ish-Shalom v Wittmann*, 19 AD3d 493 [2005]). In determining the best interest of the child, the court must consider the totality of the circumstances (*see Eschbach v Esch-*

*bach, supra* at 171; *Friederwitzer v Friederwitzer, supra*; *Matter of Ish-Shalom v Wittmann, supra*). A "court's determination in a custody dispute, based as it is upon a first-hand assessment of the parties, their credibility, and their character and temperaments, will generally be accorded great deference on appeal" (*Matter of Panetta v Ruddy*, 18 AD3d 662 [2005] [internal quotation marks omitted]). Here, the Family Court considered the appropriate factors in determining what was in the best interest of the child, and its determination to award sole custody to the father had a sound and substantial basis in the record. Accordingly, there is no basis to disturb that determination (*see Matter of Perez v Sepulveda*, 21 AD3d 558 [2005]).

The mother's remaining contentions are without merit. Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.