Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petition, insofar as asserted against the petitioner's former attorneys Neil R. Cahn and Newman & Cahn, LLP, must be denied (*see* CPLR 7802).

With regard to the other respondents, "[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner here has failed to demonstrate a clear legal right to the relief sought. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.

■ In the Matter of TIMOTHY SHOCKOME, Respondent, v YEVGENIA SHOCKOME, Appellant. [816 NYS2d 365]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Dutchess County (Amodeo, J.), dated May 10, 2004, which, inter alia, modified a stipulation of settlement entered into by the parties on July 11, 2002, by awarding the father sole custody of the subject children and granting her supervised visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody disputes, the paramount concern is the best interest of the children, which must be considered in light of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Licari v Mulderig*, 24 AD3d 444 [2005]). The Family Court's determination to modify the parties' stipulation of settlement and award custody of the subject children to the father was based upon its first-hand assessment of the parties, their credibility, and their character and temperaments. We discern no basis, on this record, to interfere with the Family Court's findings, inter alia, that the mother lacked credibility (*see Matter of Licari v Mulderig, supra*; *Hanway v Hanway*, 208 AD2d 499 [1994]) or that the opinions of her experts were of little value, since none of them had ever spoken with the father (*see Matter of Rebecca B.*, 204 AD2d 57 [1994]; *Fanelli v Fanelli*, 215 AD2d 718, 718-719 [1995]). The Family Court concluded, among other things, that the mother's animosity toward the father and her attempts to undermine the children's relationships with him were harmful to the children and rendered her the less fit parent (*see Matter of Fallon v Fallon*, 4 AD3d 426 [2004]; *Miller-Presutti v Presutti*, 257 AD2d 562 [1999]; *Walden v Walden*, 112 AD2d 1035 [1985]). Exercising our independent review, we find that the Family Court's determination is supported by a sound and substantial basis in the record.

The mother's remaining contentions are either academic, not properly before this Court, or without merit. Adams, J.P., Santucci, Fisher and Covello, JJ., concur.