■ In the Matter of RACHEL L., Appellant, v ABRAHAM L., Respondent. (Proceeding No. 1.) In the Matter of RACHEL L., Appellant, v ABRAHAM L. et al., Respondents. (Proceeding No. 2.) In the Matter of RACHEL L., Appellant, v ABRAHAM L., Respondent. (Proceeding No. 3.) [831 NYS2d 218]—

In related child custody proceedings pursuant to Family Court

Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the mother appeals from (1) an order of the Family Court, Orange County (Bivona, J.), dated April 13, 2006, which, after a hearing, dismissed her family offense petition and vacated the temporary order of protection against the father, (2) an order of the same court dated June 1, 2006, which, inter alia, granted the father visitation to be supervised by a parent or a sibling of his, and (3) an order of the same court dated June 1, 2006, which denied her application for an order of protection against the father pursuant to Family Court Act § 656.

Ordered that the order dated April 13, 2006, and the order dated June 1, 2006 denying the mother's application for an order of protection, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 1, 2006 granting the father visitation to be supervised by a parent or a sibling, is modified, on the facts, by deleting the provision thereof requiring supervision by a parent or a sibling and substituting a provision therefor requiring supervision by an appropriate adult or agency, until further order of the court; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, to determine an appropriate adult or agency to supervise the father's visitation.

In adjudicating custody issues, the paramount concern is the best interests of the children. In determining the best interests of the children, the court must consider the totality of the circumstances. The Family Court's determination in a custody dispute will generally be accorded great deference on appeal, as it is based on a first-hand assessment of the parties, their credibility, and their character and temperaments. This Court will not disturb the Family Court's determination here since it does not lack a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Zindle v Hernandez,* 26 AD3d 338 [2006]; *Matter of Licari v Mulderig,* 24 AD3d 444 [2005]). However, under the circumstances of this case, the supervision of the father's visitation should only be undertaken by an appropriate adult or agency to be determined by the Family Court, and that supervision should continue until further order of that court.

The mother's contention regarding the family offense petition is without merit. The petition was properly dismissed for lack of subject matter jurisdiction because the acts alleged to have been committed by the father are not the proper subject of a family offense proceeding. Criminal acts not specifically enumerated in

722

the statute are deemed excluded, and the mother's petition failed to allege any of the enumerated offenses (*see* Family Court Act § 812 [1]; *Matter of Hamm-Jones v Jones,* 267 AD2d 904 [1999]; *Hayes v Hayes,* 131 Misc 2d 317 [1986]). Furthermore, given the court's finding that there was no sexual abuse, the court did not err in denying the mother's application for an order of protection against the father.

The mother's remaining contentions are without merit. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.