■ In the Matter of NICHOLAS S. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RHONDA S., Appellant. [848 NYS2d 311]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Westchester County (Duffy, J.), dated January 12, 2007, which denied her motion to vacate an order of disposition of the same court dated October 11, 2006, entered upon her default.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the mother's motion to vacate the order of disposition entered upon her default. The mother claimed that the written notice of the hearing, which was to take place on October 11, 2006, at 10:00 A.M., was destroyed in a flood at her home. However, the mother was present in court when the hearing was scheduled. Additionally, there was no evidence presented to suggest that she contacted her attorney or the court to confirm the time of the hearing, and the mother did not allege that she did so. Under these circumstances, the Family Court correctly concluded that the mother "willfully refused to appear at the hearing" (Family Ct Act § 1042; *see Matter of Christian T.*, 12 AD3d 613 [2004]; *Matter of W. Children*, 256 AD2d 412, 413 [1998]; *Matter of Commissioner of Social Servs. v Margaret D.*, 221 AD2d 439 [1995]; *Matter of Jamel H.* 187 AD2d 513 [1992]).

The Family Court also providently exercised its discretion in denying the application of the mother's attorney for an adjournment of the dispositional hearing (*see Matter of Venditto v Davis*, 39 AD3d 555 [2007]; *Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Matter of Sicurella v Embro*, 31 AD3d 651 [2006]; *cf. Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Hogan v Hogan*, 271 AD2d 533 [2000]). In light of the mother's history of nonappearance for at least two prior court dates and her knowledge of the hearing date (*see Matter of Starcy G.*, 13 AD3d 532, 532-533 [2004]), the Family Court properly proceeded with the dispositional hearing in the mother's absence (*see* Family Ct Act § 1042).

The mother's remaining contentions are without merit. Miller, J.P., Crane, Dillon and Balkin, JJ., concur.