Matter of J.H. v S.L.W. (2008 NY Slip Op 50115(U))

[*1]

Matter of J.H. v S.L.W.

2008 NY Slip Op 50115(U) [18 Misc 3d 1118(A)]

Decided on January 17, 2008

Family Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 17, 2008

Family Court, Nassau County
In the Matter of a
Proceeding Under Article 6 of the Family Court Act, J.H., Petitioner,
against
S.L.W., Respondent.
 V-00000-00

Conrad D. Singer, J.
The matter currently before the Court is a motion by the petitioner to have the Court
appointed attorney for the child relieved of her duties. The petitioner brought the motion pro
se. C.L., the subject of the motion, was appointed law guardian for the child and submitted
an affirmation in opposition. The Nassau County Legal Aid Society was appointed to represent
the respondent, S.W.. However, it does not appear as if the petitioner had the respondent served
with her motion. Accordingly, the respondent was unable to take a position on this issue. [It is
worth noting that on the record, on January 18, 2008 he waived his right to be able to do so].
The underlying petitions in this matter were family offense petitions filed by the petitioner
against the paternal uncle and the father. The petitions alleged that the uncle sexually abused the
subject child, then three years old. The allegations against the respondent-father were that, in
light of the fact that he lived in the same home as the seventeen year old uncle, he allowed the
abuse to happen. On August 28, 2007, stay-away orders of protection were issued against both
respondents by the Hon. Philip M. Grella. On August 30, 2007, the Hon. Carnell Foskey
appointed C.J. L. as the attorney for the child. On the next court date, September 4, 2007, child
protective services reported that the report of Nassau University Medical Center was that there
was a small abrasion and redness on the outside of the child's vagina, but no internal lesions. As a
result, the doctor concluded the injuries were not definitive findings of sexual abuse. However,
CPS kept their investigation [*2]open. The respondent moved to
have the family offense petition dismissed, arguing that sex offenses are not one of the delineated
offenses in Family Court Act §812, and therefore cannot, alone, form the basis of a family
offense petition. The application was denied at that time. However, on October 18, 2007, CPS
submitted a report stating the case would be "unfounded". The respondent renewed the
application to dismiss and the child's attorney, Ms. L., joined in the application. The family
offense petitions were dismissed and all temporary orders were vacated.
During the pendency of the family offense proceedings, petitioner served respondent with a
custody petition. Ms. L. was appointed attorney for the child in the custody petitions. Subsequent
to the dismissal of the family offense petitions, petitioner also filed new family offense petitions
against the same parties. During the November 17, 2007 court appearance, counsel for
respondent moved to dismiss the new family offense petitions, with Ms. L. joining in the
application, as the same incident served as the basis for the allegations. The petitions were
dismissed.
Petitioner then filed her pro se motion with two letters she wrote annexed thereto,
one to the grievance committee and one to the Hon. Carnell Foskey. The letters to the Court
could not be read by this Judge at the time she sent them, as they constituted attempts at ex
parte communication. However, this Court accepts these letters, as well as the affidavit she
submitted in reply, as the basis for the motion seeking to remove Ms. L. as the child's attorney.
For a motion to dismiss a law guardian to be successful, the movant must establish that the
law guardian either has a conflict of interest or has failed to diligently represent the best interests
of the child. Zirkind v. Zirkind, 218 AD2d 745, ( 2d Dept. 1995), Rosenberg v.
Rosenberg, 261 AD2d 623, 1999 NY Slip Op. 04873 (2d Dept. 1999), Child Welfare
Administration o/b/o Taylor G. v. Louis G., 270 AD2d 529, 2000 NY Slip Op. 02288 (2d
Dept. 2000). The petitioner has not alleged a conflict of interest, so the Court need only to focus
on whether Ms. L. diligently represented the interests of her client. As it is clear to the Court she
has, this motion must be dismissed.
The petitioner's complaints against Ms. L. appear to be twofold. The first appears to be the
petitioner's belief that Ms. L. failed to avail herself of all available information regarding the case
and the child. The second is a more general complaint that while CPS completed its report, Ms.
L. failed to take steps to protect the child by seeking protective orders and by communicating
information to the Court. Neither complaint has merit.
Ms. L. submitted an affirmation in opposition which spelled out the efforts she made on
behalf of her client. These include multiple court appearances, discussions with the petitioner,
meeting the child, discussions with various members of child protective services, discussions
with the Coalition Against Child Abuse and Neglect, discussions with the paternal grandparents,
discussions with the child's daycare provider and a review of the records provided by Nassau
University Medical Center.
The Court believes what the petitioner found most upsetting was Ms. L.'s agreement to
having the family offense petitions dismissed, despite the serious allegations contained therein.
The Court is not surprised by a lay person's consternation when hearing a lawyer appointed to
represent their child agree to have a petition alleging someone sexually abused that child be
dismissed. However, with no attorney to advise her, the petitioner would be unaware that Ms. L.
would be under an obligation to join in the dismissal of a petition over which the Court had no
jurisdiction. To be sure, logical or not, sexual abuse does not fall within any of the enumerated
acts of Family Court Act §812. Accordingly, the Family Court is without jurisdiction to
hear such a petition. [*3]Matter of J.L. v. A.L., 7/24/2007
N.Y.L.J. 28, (col. 1), Rachel L. v.
Abraham L., 37 AD3d 720 (2d Dept. 2007), Matter of Hamm-Jones v. Jones,
267 AD2d 904 (3d Dept. 1999).
As for petitioner's complaint that Ms. L. failed to protect the subject child, such allegation is
without merit. Up until the petitions had to be dismissed, Ms. L. repeatedly asked for the
temporary orders of protection to remain in effect. While she agreed to a modification of one of
them to allow visitation by the father, Ms. L. was aware that the alleged perpetrator of the act of
sexual abuse was the father's brother, not the father. Encouraging visitation between father and
child was in the child's best interests, and therefore a proper discharge of her duties as the child's
attorney. The petitioner clearly disagrees and sees the father as complicit with the alleged abuser
of the child. That the mother disagrees with the attorney for the child does not represent a
dereliction in duties by the attorney for the child.
Therefore, based on the foregoing, it is
ORDERED that the motion to remove C. J. L. as the attorney for the subject child
is hereby dismissed.
This constitutes the Decision and Order of the Court.
ENTER
________________________________
Hon. Conrad D. Singer
Judge of the Family Court
Dated: January 17, 2008