■ In the Matter of SERENA BACKUS, Respondent, v DONALD CLUPPER, Appellant. [913 NYS2d 359]—

---

Stein, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered June 5, 2009, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children, a son (born in 2002) and a daughter (born in 2004). The parents and the daughter (hereinafter the child) are deaf. Pursuant to a June 2007 order, Family Court awarded the mother sole legal custody of both children, with visitation to the father.[1] Thereafter, the mother commenced this proceeding for modification of the father's visitation alleging, among other things, that the father was not following medical instructions related to the child's cochlear implant usage.[2] Family Court issued a temporary order of protection which, as relevant here, required the father to ensure that the child wore the external attachment to the cochlear implant while she was awake and in his care. After a hearing, Family Court modified the June 2007 order by adding a provision directing the father to require the child to wear the cochlear implant attachment while she is awake, except when she is swimming or bathing. The father now appeals and we affirm.

" '[A]n existing custody [or visitation] order will be modified only when the party seeking the modification demonstrates a sufficient change in circumstances since entry of the prior order to warrant modification thereof in the child's best interest' " (Matter of Perry v Perry, 52 AD3d 906, 906 [2008], lv denied 11 NY3d 707 [2008], quoting Matter of Kerwin v Kerwin, 39 AD3d 950, 951 [2007]). Here, the mother demonstrated a change in circumstances in that, after the June 2007 order, the child had cochlear implant surgery. Thus, Family Court properly proceeded to determine whether a modification of the order was in the child's best interests. In that regard, the father testified that he struggles with the child to get her to wear the external cochlear attachment and that she will wear it for only one or two hours a day when she is with him. The father further testified that he felt that the child's resistance was affecting the quality of their relationship and of his parenting time with her. The mother

1. We affirmed that order on a prior appeal (Matter of Clupper v Clupper, 56 AD3d 1064 [2008]).

2. The issue of whether the child should have a cochlear implant was previously a source of substantial conflict between the parents—the mother was in favor of such implant, while the father was opposed thereto—and a significant issue in the initial custody proceeding.

testified that the father admitted to her that he did not force the child to wear the device every day because she did not like to wear it. Based upon her observations of the child after visits with the father and statements of the child's speech therapist, the mother also testified that the child regressed in her hearing abilities.

We reject the father's contentions that he was deprived of a fair hearing due to Family Court's admission of hearsay evidence and the court erred in making its determination without expert testimony as to the medical necessity of wearing the cochlear device on a daily basis. With respect to the hearsay testimony concerning statements of the child's speech therapist, where, as here, the judge is sitting as the trier of fact, he or she is presumed to be able to distinguish between admissible evidence and inadmissible evidence and to render a determination based on the former (*see People v Moreno*, 70 NY2d 403, 406 [1987]). Furthermore, it was not necessary for Family Court to determine whether the child's use of the cochlear device on a daily basis was medically indicated. Instead, Family Court determined that the father's refusal to comply with the wishes of the mother—as the sole custodial parent charged with making healthcare decisions for the child—that the child consistently utilize such device was interfering with her adaptation to the cochlear implant. Thus, expert testimony was not required. Upon our review of the record and according due deference to Family Court's credibility assessments, we find that a sound and substantial basis exists for the determination that the narrow modification of the prior order of custody and visitation was warranted in the best interests of the child (*see Matter of Cole v Comfort*, 63 AD3d 1234, 1235 [2009], *lv denied* 13 NY3d 706 [2009]; *Matter of St. Pierre v Burrows*, 14 AD3d 889, 891 [2005]) and we, therefore, decline to disturb it.

The father's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.