# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

804.1
CAF 10-02330
PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF PIETRO RUSSO,
PETITIONER-RESPONDENT,

V                                           MEMORANDUM AND ORDER

NICOLE CARMEL, RESPONDENT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-APPELLANT.

KATHLEEN P. REARDON, ROCHESTER, FOR PETITIONER-RESPONDENT.

ROBERT A. DINIERI, ATTORNEY FOR THE CHILD, CLYDE, FOR HANNAH R.R.

------------------------------------------------------------------------

Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered October 28, 2010 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, granted petitioner permission to travel to Italy with the child.

It is hereby ORDERED that the order so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating the restriction that the trip shall occur in the spring of 2011 and by instead providing that the trip shall not occur between the dates of December 23 through December 26, no matter the year in which the trip occurs, and as modified the order is affirmed without costs.

Memorandum: Petitioner father commenced this proceeding seeking joint custody and expanded visitation, and respondent mother cross-petitioned to reduce the father's overnight visitation. The parties thereafter entered into a stipulation resolving those issues, however, and they agreed that Family Court would rule on the father's request to travel to Italy with the parties' child to visit the father's parents and other relatives who reside there. The mother now contends that the court erred in permitting the father to travel to Italy for a period of not more than 15 days on 60 days' notice to the mother. Although the mother is correct that the court failed to set forth the facts it deemed essential in permitting the child to travel with the father to Italy (*see* CPLR 4213 [b]), the record is sufficient to enable us to make those findings (*see Matter of Dubuque v Bremiller*, 79 AD3d 1743). We thus reject the mother's contention that the matter must be remitted to Family Court to make those findings (*cf. Matter of Rocco v Rocco*, 78 AD3d 1670).

The record establishes that, although the father's visitation

with the child is limited to a maximum of 48 hours at a given time, the father has a close bond with her and, during visitation, he prepares her meals, bathes her, administers medication as necessary and takes her on outings.  Further, the mother did not express any concerns that the father would abscond with the child (*cf*. *Matter of Ish-Shalom v Wittmann*, 19 AD3d 493, 494; *see generally Puran v Murray*, 37 AD3d 472).  Instead, the mother opposed the father's request on the ground that the two-year-old child had never been away from the mother for more than 48 hours and would be in an unfamiliar environment with relatives who were unknown to the child.  We conclude that the mother's concerns in opposition to the request do not warrant a denial of the father's request.  Indeed, we conclude that it is in the best interests of the child to travel with the father to Italy to meet her extended family (*see generally Puran*, 37 AD3d 472).  Inasmuch as the order provides that the trip shall occur in the spring of 2011 and this Court stayed the order, we modify the order by vacating that restriction.  We further modify the order to provide that the trip shall not occur between the dates of December 23 and December 26, without regard to the year in which the trip occurs.