■ In the Matter of Jerome O'Leary, Respondent, v Deborah Frangomihalos, Respondent, and Heidi Mook, Appellant. [933 NYS2d 88]—

Although the mother failed to appear in person at the hearing, her counsel appeared on her behalf and participated in the hearing. Accordingly, the order was not entered on the mother's default, and this appeal is properly before us (*see Matter of Newman v Newman*, 72 AD3d 973 [2010]; *Matter of Pollard v Pollard*, 63 AD3d 1628 [2009]; *Matter of Hopkins v Gelia*, 56 AD3d 1286 [2008]; *cf. Matter of Willie Ray B. [Deanna W.B.]*, 77 AD3d 657, 657-658 [2010]).

"The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (*Matter of Steven B.*, 6 NY3d 888, 889 [2006], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Braswell v Braswell*, 80 AD3d 827, 829 [2011]; *Matter of Zindle v Hernandez*, 26 AD3d 338 [2006]). Here, the Family Court set the hearing date more than 60 days in advance and issued a trial and scheduling order setting a date certain. Given the mother's failure to offer any proof that she was unable to attend because she was in an inpatient drug treatment program, and particularly in light of her history of failing to provide such proof, the court providently exercised its discretion in denying her attorney's request for an adjournment (*compare Matter of Braswell v Braswell*, 80 AD3d at 829; *Matter of Nicholas S.*, 46 AD3d 830, 831 [2007]; *Matter of Zindle v Hernandez*, 26 AD3d at 338). Moreover, the court offered the mother the opportunity to testify telephonically on the second day of the hearing if she provided proof that she was in an inpatient treatment program, but she failed to avail herself of the court's offer (*compare Matter of Robert C. v Katherine D.*, 56 AD3d 297 [2008]). Accordingly, the court providently exercised its discretion in holding the hearing in her absence (*see Matter of Steven B.*, 6 NY3d at 889; *Matter of Braswell v Braswell*, 80 AD3d at 829; *Matter of Nicholas S.*, 46 AD3d at 831; *Matter of Zindle v Hernandez*, 26 AD3d at 338).

The mother's remaining contention is unpreserved for appel-

late review (*see Matter of Timosa v Chase*, 21 AD3d 1115, 1116 [2005]; *Matter of Diaz v Santiago*, 8 AD3d 562, 563 [2004]) and, in any event, is without merit (*see Matter of Lowe v O'Brien*, 81 AD3d 1093, 1094 [2011]; *Matter of Backus v Clupper*, 79 AD3d 1179, 1181 [2010]). Florio, J.P., Hall, Austin and Cohen, JJ., concur.