■ In the Matter of JOHN O'LOUGHLIN, Respondent, v ANNA M. SWEETLAND, Now Known as ANNA CYBURT, Appellant. [951 NYS2d 160]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (Lynaugh, J.), dated December 31, 2010, which, after a hearing, granted the father's petition to modify an order of the same court dated February 23, 2009, so as to award him sole legal and residential custody of the parties' child, and (2) an order of the same court (Cheng, J.), dated March 18, 2011, which denied her motion pursuant to CPLR 4404 (b) to set aside the order dated December 31, 2010.

Ordered that the orders dated December 31, 2010 and March 18, 2011 are affirmed, with one bill of costs.

The Family Court properly denied the mother's motion to preclude the introduction into evidence of the report and testimony of a forensic evaluator, or, alternatively, for a negative inference to be drawn concerning the evaluator's credibility, based upon the evaluator's destruction of certain audiotapes of interviews she conducted in the course of her evaluation. The record does not support the mother's contention that the missing audiotapes denied her the ability to effectively cross-examine the forensic evaluator (*see generally Kesseler v Kesseler*, 10 NY2d 445 [1962]).

" 'Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child' " (*Matter of Buxenbaum v Fulmer*, 82 AD3d 1223, 1223 [2011], quoting *Mat-*

ter of Pignataro v Davis, 8 AD3d 487, 488 [2004]). The best interests of the child here must be determined by a review of the totality of the circumstances (see Matter of Skeete v Hamilton, 78 AD3d 1187 [2010]). "Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (id. at 1188; Matter of Nell v Nell, 87 AD3d 541, 542 [2011] [internal quotation marks omitted]).

The parties had entered into a stipulation, pursuant to which they had joint custody of their daughter, with the mother having residential custody in California, and the father having visitation in New York for extended periods of time during school breaks and the summer, and the right to exercise weekend visitation in California two weekends each month. The relationship between the parties was strained when they entered into the stipulation, and subsequently deteriorated to the point that they could not communicate and cooperate with one another concerning the child; therefore, joint custody was no longer feasible. That factor, together with the Family Court's finding that the mother's animosity towards the father and her attempts to undermine the child's relationship with him were harmful to the child, constituted a sufficient change in circumstances to warrant a determination of whether a change in custody would be in the child's best interest (see Matter of Pappas v Kells, 77 AD3d 952 [2010]; Matter of Nikki O. v William N., 64 AD3d 938 [2009]; Matter of Zeis v Slater, 57 AD3d 793 [2008]).

There is a sound and substantial basis for the Family Court's determination that it was in the child's best interest to transfer sole custody to the father in New York, based upon the findings that the mother was attempting to thwart the child's relationship with her father, and that the father would be more likely than the mother to foster a meaningful relationship between the child and the noncustodial parent (see Matter of Mingo v Belgrave, 69 AD3d 859 [2010]; Matter of Tori v Tori, 67 AD3d 1021 [2009]; Matter of Adams v Perryman, 35 AD3d 852 [2006]; Matter of Shockome v Shockome, 30 AD3d 528 [2006]; Matter of Fallon v Fallon, 4 AD3d 426 [2004]).

The mother's remaining contentions are without merit. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.

Motion by the child, on appeals from two orders of the Family Court, Suffolk County, dated December 31, 2010, and March 18, 2011, respectively, inter alia, to strike portions of the appendix and the appellant's brief and reply brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated November 3, 2011, those branches of the motion which were to strike pages A.3047 through A.3086 of the appellant's appendix, Section G of the statement of facts in the appellant's brief on pages 26 and 27, and Point III of the appellant's reply brief on pages 25 and 26, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is,

Ordered that those branches of the motion which were to strike pages A.3047 through A.3086 of the appellant's appendix, Section G of the statement of facts in the appellant's brief on pages 26 and 27, and Point III of the appellant's reply brief on pages 25 and 26 are denied. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.