In an adoption proceeding pursuant to Domestic Relations Law article 7, the mother appeals from an order of the Family Court, Richmond County (Wolff, J.), dated November 2, 2011, *552 which, after a hearing, determined that her consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111 (2) (a).
Ordered that the order is affirmed, without costs or disbursements.
The petitioners, who have been the legal guardians of the subject child since 2004, commenced this adoption proceeding in 2010. The biological mother appeared in Family Court with her attorney on August 25, 2010, and September 13, 2011, and the court ordered an evidentiary hearing on the issue of whether the mother had abandoned the child such that her consent to the adoption was not required (see Domestic Relations Law § 111 [2] [a]). The hearing commenced on the next court date, October 24, 2011. The mother appeared with her attorney, and the petitioner Alice T. testified. On the adjourned date for the continued hearing, November 2, 2011, the mother failed to appear. The mother’s attorney, who was unaware of the reason for the mother’s absence and unable to provide an excuse, asked the court for an adjournment. The Family Court denied the request, noting that the mother had been present at the last hearing date and had notice of the continued date and time. The hearing proceeded in the mother’s absence and, after further testimony, the court rendered a determination that the mother’s consent to the adoption was not required.
Contrary to Alice T.’s contention, the order appealed from was not rendered upon the mother’s default. The mother appeared at all court dates except the last one, and her attorney participated in the hearing on the final date by reviewing the evidence and objecting to the proffered testimony (see Matter of Edward J. Mc. [Edward J. Mc.], 92 AD3d 887 [2012]; Matter of O’Leary v Frangomihalos, 89 AD3d 948 [2011]; Matter of Kindra B., 296 AD2d 456, 458 [2002]; Matter of Jennifer DD., 227 AD2d 675, 676 [1996]). Accordingly, the mother may appeal from the order (see Matter of Edward J. Mc. [Edward J. Mc.], 92 AD3d at 887; Matter of O’Leary v Frangomihalos, 89 AD3d at 949).
The granting of an adjournment for any purpose rests in the sound discretion of the trial court (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of O’Leary v Frangomihalos, 89 AD3d at 949; Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841 [2011]), which must “undertake a balanced consideration of all relevant factors” in exercising its discretion (Matter of Sicurella v Embro, 31 AD3d 651, 651 [2006]; see Matter of Kinara C. [Jerome C.], 89 AD3d at 841; Matter of Paulino v Camacho, 36 AD3d 821, 822 [2007]). In light of the mother’s presence at the hearing on October 24, 2011, when her attorney cross-examined *553 the petitioner Alice T., the mother’s actual knowledge of the date and time of the continued hearing, which is undisputed, and her failure to contact her attorney to advise him regarding her failure to appear on the final date of the hearing, the Family Court did not improvidently exercise its discretion in denying the mother’s attorney’s request for an adjournment (cf. Matter of O’Leary v Frangomihalos, 89 AD3d at 949; Matter of Kinara C. [Jerome C.], 89 AD3d at 841; Matter of Nicholas S., 46 AD3d 830 [2007]).
The mother’s remaining contention regarding the alleged denial of her right to effective assistance of counsel is without merit. Angiolillo, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.
Motion by the respondent Alice T, inter alia, to dismiss an appeal from an order of the Family Court, Richmond County, dated November 2, 2011, on the ground that no appeal lies from an order entered upon the default of the appealing party.
By decision and order on motion of this Court dated December 10, 2012, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto and upon the submission of the appeal, it is
Ordered that the branch of the motion which was to dismiss the appeal is denied. Angiolillo, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.