Matter of Edwards v Cotton (2020 NY Slip Op 03659)





Matter of Edwards v Cotton


2020 NY Slip Op 03659


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-10992
 (Docket No. O-22164-16)

[*1]In the Matter of Crystal Edwards, appellant,
v
Dwayne L. Cotton, respondent.


Richard Cardinale, Brooklyn, NY, for appellant.
Esther Kind, Fresh Meadows, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated August 16, 2019. The order, after a hearing, in effect, denied the mother's family offense petition against the father, dismissed the proceeding with prejudice, and vacated an order of protection.
ORDERED that the order is affirmed, without costs or disbursements.
The mother filed a family offense petition regarding acts that occurred at her home on November 12, 2016. According to the petition and the mother's testimony at a hearing, the father arrived unexpectedly at her home on that date, purportedly to drop off items that she had left in his home some years ago. When she blocked the father from placing the bags inside, he reportedly started beating the mother. The mother testified that the father put his hand around her throat, struck her in the shoulder with a gun, and put the gun in her mouth while threatening her not to call the police. When the parties' child, who was four years old at the time, tried to come to his mother's aid, the father reportedly pushed the child against the wall. The mother was rendered unconscious for more than 24 hours after the father allegedly "head-butted" her. She was discovered by her mother the next morning, but she did not call the police or go to the hospital until the evening of November 13, 2016. In his testimony, the father, who was reportedly using crutches as a result of a work injury at the time, denied beating the mother or even seeing her on the day that he dropped off her belongings. An order of protection was issued in favor of the mother and the child. After the hearing, the Family Court, inter alia, found the mother's testimony to be incredible. The court, in effect, denied the petition, dismissed the proceeding with prejudice, and vacated the order of protection.
A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Reyes v Reyes, 168 AD3d 855). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses must be given great weight on appeal unless clearly unsupported by the record (see Matter of Magana v Delph, 163 AD3d 673). Here, contrary to the mother's contention, the Family Court's credibility determinations are supported by the record [*2]and should not be disturbed (see Matter of Siwiec v Siwiec, 154 AD3d 861). According due deference to those determinations, a fair preponderance of the evidence adduced at the hearing supported the court's finding that the father did not commit the family offenses alleged in the mother's petition (see id.).
The mother's remaining contention is unpreserved for appellate review.
Accordingly, we agree with the Family Court's determination, in effect, to deny the mother's petition, dismiss the proceeding with prejudice, and vacate the order of protection.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court