Matter of Bunin v Bunin (2020 NY Slip Op 06122)





Matter of Bunin v Bunin


2020 NY Slip Op 06122


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-13263
 (Docket No. O-5506-18)

[*1]In the Matter of Michael Bunin, appellant,
v
Ivan Bunin, respondent.


Tammi D. Pere, Jamaica, NY, for appellant.
Louisa Floyd, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Mildred T. Negron), dated October 15, 2018. The order, after a hearing, in effect, denied the family offense petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In 2018, the petitioner commenced this family offense proceeding against the respondent, his father, alleging that he had committed acts constituting, among other things, the family offense of harassment in the second degree. Following a hearing, the Family Court, in effect, denied the petition and dismissed the proceeding, concluding that the petitioner failed to establish that the respondent committed a family offense. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence" (Matter of Straight v Grant, 184 AD3d 647, 648; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses must be given great weight on appeal unless clearly unsupported by the record" (Matter of Edwards v Cotton, 185 AD3d 584, 585).
We agree with the Family Court's determination, after the hearing, that the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed a family offense. The petitioner failed to adduce evidence that would support a finding that the respondent engaged in a course of conduct or repeatedly committed acts that alarmed or seriously annoyed the petitioner and that served no legitimate purpose (see Penal Law § 240.26[3]]).
To the extent that the petitioner claims that the respondent committed the crime of unlawful imprisonment, that crime is not the proper subject of a family offense proceeding since it is not one of the crimes listed in Family Court Act § 812(1) (see Matter of Rachel L. v Abraham L., 37 AD3d 720, 721).
Accordingly, we agree with the Family Court's determination, in effect, denying the family offense petition and dismissing the proceeding.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court